JOHN PRINO, PETITIONER-RESPONDENT, v. AUSTIN COM-PANY, RESPONDENT-APPELLANT.

Argued October 29, 1938—Decided January 13, 1939.

For the appellant, *Edward O. West.*

For the respondent, *Nicholas Martin.*

The opinion of the court was delivered by

PARKER, J. This is a workmen's compensation case. The petitioner claimed to have sustained a compensable hernia. The bureau made an award in his favor without any comment on the evidence, which award was reversed in the Common

Pleas, also without comment, the formal finding being "that the petitioner * * * did not sustain an inguinal hernia or traumatic hernia out of and in the course of his employment." Petitioner obtained a review of this adverse judgment by *certiorari* in the Supreme Court, and that court set aside the judgment in the Pleas and reinstated the award, *ubi supra.* We conclude that this was error.

The provisions of the Compensation act as regards hernia are special in character and very carefully drawn. They were not in the original act of 1911, chapter 95, but were added by *Pamph. L.* 1919, *p.* 201 (at *p.* 204), repeated in 1923 and 1928, and in *R. S.* 1937 appear as paragraph (x) of 34:15-12, the language being slightly changed. The material part of that paragraph is reprinted in *Borodaeff* v. *Province Line Dairy,* 109 *N. J. L.* 25 (at *p.* 26), but for greater convenience is again reproduced here as it appears in *R. S.* 34:15-12.

"x. Inguinal hernia is a disease which ordinarily develops gradually, being very rarely the result of an accident. Where there is a real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, compensation will be allowed. All other cases will be considered as either congenital or of slow development and not compensable, being a disease rather than an accidental injury; unless conclusive proof is offered that the hernia was immediately caused by such sudden effort or severe strain that, first, the descent of the hernia immediately followed the cause; second, that there was severe pain in the hernial region; third, that there was such prostration that the employe was compelled to cease work immediately; fourth, that the above facts were of such severity that the same was noticed by the claimant and communicated to the employer within twenty-four hours after the occurrence of the hernia (days when the business is not in operation, such as Sundays, Saturdays or holidays shall be excluded from this twenty-four hour period); fifth, that there was such physical distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia."

It will be noted that the statute establishes two classes of hernia: the first, called "real traumatic hernia resulting from the application of force directly to the abdominal wall;" which is compensable; and secondly, "all other cases." It was not claimed on the hearing of the present case that it was within the first class: so that if there was a hernia it came within the second class. As to this the statute goes on to say that cases in that class are not compensable unless—and here is the crux on the present case—unless *conclusive proof* is offered—(italics ours) of the five essential facts set out in the statute first quoted. The proof must be conclusive of all of them, and if short of conclusiveness as to any one of the five, the claim fails. This rule has been applied by the bureau in such cases as *Spiewak* v. *Campbell Soup Co.,* 6 *N. J. Mis. R.* 869; *Kapalo* v. *Three Star Cap Co.,* 7 *Id.* 693, and *Kolarz* v. *Albert Silk Co.,* 8 *Id.* 725, 727, 728; but in the present case was probably overlooked in the bureau, and not considered in the Supreme Court. Whether the Common Pleas applied it in reversing the bureau is not shown by the record. We do not find any claim in the reasons on *certiorari* that the evidence was conclusive. Reason 6 alleges that "there was sufficient competent evidence to support a finding in favor of the petitioner;" but does not indicate what grade of evidence is "sufficient." Reason 10 is that "after weighing all the testimony · * * * it is clearly established by a preponderance of the evidence that the petitioner sustained a compensable hernia," &c. In the Supreme Court it was said (120 *N. J. L.,* at *p.* 22) : "The uncontroverted facts * * * lead *reasonably to the inference* of a causal relation," &c.; and again (at *p.* 23) : "In appraising the evidence, probability and not certainty is the touchstone." Three cases are cited. The Kuczynski case was one of falling from a scaffold and did not involve hernia; the Jackson case was one of nonsuit in a damage suit; and while in the Furferi case a hernia was involved, the decision turned, not on the creation of a hernia where there was none before, but on the aggravation of an old hernia.

Our examination of the evidence satisfies us that the proof was very far from conclusive on at least the point "that there was such prostration that the employe was compelled to cease work immediately." He testified generally on direct that he did cease work immediately, but on cross he said that he quit the job with the other three men at the end of the day. Again, he said, "there were fifteen more minutes, and I stayed on my feet and when they stopped I stopped." His testimony is somewhat uncertain because he claimed ignorance of English, insisted on being interpreted, and his son interpreted for him, subject to occasional challenge as to inaccuracy. Moreover, when we come to the testimony of the workmen we have that of one of them, that petitioner never complained of anything; that he kept on working with the others until closing time; of another, that all four went to clean up as directed by the foreman, including Prino; that he did not complain; that he did the same as the other men until half past five; and of still another workman, that everybody worked until closing time including Prino. Another witness was of the gang, and said Prino kept on working like the rest of them until five-thirty. The witness did not see Prino "double up" but he cleaned up like the others.

So whatever may be the proper definition of conclusive proof, it seems quite clear that the proof of the third requisite, namely, that there was such prostration of the employe to compel him to cease work immediately, was anything but conclusive, and, as we have said, the Supreme Court did not so hold. The judgment of the Supreme Court is therefore reversed and that of the Pleas affirmed, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, DONGES, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.